UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN QUINN SINGLETON,<br><br>          Plaintiff,<br><br>    v.<br><br>SCOTT JOHN JORDAN,<br><br>          Defendant. | Case No.   1:26-cv-02019-EPG<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT<br><br>(ECF No. 1) |

## I.      INTRODUCTION

On March 12, 2026, Plaintiff Steven Quinn Singleton filed a notice of removal as to his state court case originally filed in the Merced County Superior Court. (ECF No. 1). In this underlying state case—*Singleton v. Jordan*, 26cv1020—he sues his former attorney for legal malpractice. (*Id.* at 55).

After reviewing the notice of removal and state court complaint, the Court will order Plaintiff to show cause why the case should not be remanded to state court for improper removal and lack of Federal jurisdiction.

## II.      LEGAL STANDARDS

Under certain circumstances, a defendant may remove a state court case to Federal court:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place

1

where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Importantly, "[n]o language in Section 1441 provides a textual basis for removal by a plaintiff." *Hopkins v. Am. Home Mortg. Servicing, Inc.*, No. C-13-00869 DMR, 2013 WL 1800049, at *2 (N.D. Cal. Apr. 29, 2013).

Additionally, "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). And "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

Lastly, "it is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.2002)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[I]ndeed, [the Ninth Circuit has] held that the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

### III.    DISCUSSION

Plaintiff's notice of removal attaches the underlying state court complaint in *Singleton v. Jordan*, 26cv1020, which shows that he is the Plaintiff in that case. However, only a defendant may remove a state court case to Federal court and improperly removed actions should be remanded to state court. *See Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) (noting that a petitioner, in a "state court proceeding, had no power to remove his own case"; rather, "[r]emoval [was] available only to defendants").

Further, Plaintiff's notice of removal states that he "does not seek removal on the basis of

jurisdiction under section Title 28 U.S.C. 1332(a), but under the procedure of Federal question." (ECF No. 1, p. 5). The relevant statute he relies on, 28 U.S.C. § 1331, provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, Plaintiff's state court complaint alleges a legal malpractice claim under California law, not any Federal claim to establish the Court's jurisdiction. (ECF No. 1, p. 55); *see Bordelon v. Singh*, No. 24-CV-01173-JST, 2024 WL 4887503, at *2 (N.D. Cal. Nov. 25, 2024) ("Plaintiff does not allege a federal question and has only alleged a state law claim of legal malpractice . . . .").

Accordingly, the Court will order Plaintiff to show cause why this case should not be remanded to state court for improper removal and lack of Federal jurisdiction.

## IV.   ORDER

For the reasons given above, IT IS ORDERED as follows:

1. By no later than March 27, 2026, Plaintiff shall file a response to this order, showing cause why this case should not be remanded to state court.

2. Plaintiff's failure to timely comply with this order may result in the remand of this case to state court without any further opportunity to respond.

IT IS SO ORDERED.

Dated:   **March 17, 2026**                    /s/ Erica P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE

3